LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA 94602
(510)530-4078
(510)530-4725/FAX
panoslagos@aol.com

Attorney for Plaintiff,
KEVIN WOODSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WOODSON,<br><br>   Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, GEORGE GASCON, in his capacity as Chief of Police of the City and County of San Francisco, ADAM EATIA, individually and in his capacity as a Peace Officer for the City and County of San Francisco, BASIL ASKANDAFI, MAHANA ASKANDAFI, individually and doing business as PEARL MARKET, and DOES 1 – 200, jointly and severally,<br><br>   Defendants. | Case No.: C 11-00057 JCS<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br>**JURY TRIAL DEMANDED**<br><br>1. Violation of Civil Rights – 42 U.S.C. §1983<br>2. Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*<br>3. Violation of Civil Rights – 42 U.S.C. §1981<br>4. Violation of Civil Rights – California civil Code §51.7<br>5. Assault<br>6. Battery<br>7. Intentional Infliction of Emotional Distress<br>8. Negligence<br>9. Violation of 42 U.S.C. §1983 – Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline<br>10. Violation of Civil Rights – California Civil Code §52.1<br>11. Injunctive Relief and Declaratory Relief<br>12. False Imprisonment/False Arrest<br>13. Conspiracy |

Plaintiff alleges as follows:

### INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. sections 1981, 1983, and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of California, against the City and County of San Francisco (hereinafter referred to as the "City"), the San Francisco Police Department (hereinafter referred to as the "Department"), Police Chief George Gascon (hereinafter referred to as "Gascon"), Police Officer Adam Eatia (hereinafter referred to as "Eatia") and fictitiously named Defendants (individually, and in their capacities as police officers and supervisory personnel for the City) and African American.

### PARTIES

2.     Plaintiff Kevin Woodson (hereinafter referred to as "plaintiff") is and at all times herein mentioned was a resident of the City and an African-American male.

3.     Defendant City is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and the Department is a duly organized agency of the City. (These two defendants may also hereinafter be referred to jointly as the "City".)

4.     At all times mentioned herein, defendant Gascon was the Chief of Police of the City, and was acting within the course and scope of his office.

5.     At all times mentioned herein, defendant Eatia and Does 1 to 100 were employed as police officers for the City. Defendant Eatia and Does 1 to 100 are sued individually, and in their capacities as police officers for the City. By engaging in the conduct described herein, defendant Eatia and Does 1 to 100 acted under color of law and in the course and scope of their employment for defendant City. By engaging in the conduct described herein, defendant Eatia and Does 1 to 100 exceeded the authority vested in them as police officers under the United States Constitution and as employees of the City. At all times mentioned herein, Does 101 to 200 were employed as supervisory personnel in the Department. Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the Department. By engaging in

the conduct described herein, Does 101 to 200 acted under color of law and in the course and scope of their employment for defendant City. By engaging in the conduct described herein, Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the Department under the United States and California Constitutions and laws, and as employees of the City.

6.     Plaintiff is ignorant of the true names and capacities of Defendants Does 1 to 200, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of defendants Does 1 through 200, inclusive, when they have been ascertained.

7.     At all times herein mentioned each Doe defendant was the agent or employee of defendants City and Gascon, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of defendants City, Gascon, and Eatia.

## STATEMENT OF FACTS

8.     On April 7, 2010, between approximately 9:00 and 10:00 p.m., plaintiff was visiting a friend at 1700 Eddy Street in San Francisco. As plaintiff and his friend were standing and talking near the friend's car in the parking lot of 1700 Eddy Street, Eatia drove his police vehicle to the location where the plaintiff and his friend were standing and shouted for the men to "hold it!" As Eatia approached the two men on foot, plaintiff put his hands up in a surrender fashion while stating "I surrender". Eatia then hit plaintiff's knee several times (in needless, unnecessary and excessive fashion) with his billy-club, fracturing plaintiff's knee. Plaintiff asked Eatia why he was hitting him, and why he had not asked to see his ID card. Eatia then hit plaintiff several more times (in needless, unnecessary and excessive fashion) with his billy-club, fracturing plaintiff's wrist. Eatia immediately placed plaintiff under arrest for violation of Penal Code §§ 484A, 490.5, 594(B)(2)(a), 241(c), 243(b), and 148(a)(1). Plaintiff was transported directly to San Francisco General Hospital and treated for his fractures. Plaintiff was later cited

for resisting arrest and battery on a peace officer – misdemeanor charges which were ultimately dropped.  Because his injuries precluded him from working, Plaintiff lost his job as a janitor as a result of defendants' actions.

9.    Plaintiff was (excessively, unlawfully, and unnecessarily) assaulted, battered, arrested, and restrained by Eatia and Does 1 to 10 for no excusable, just, or lawful reason and in violation of plaintiff's civil rights under the laws and constitutions of the United States and of the State of California.

10.    At all times herein mentioned, Gascon, Eatia, and Does I to 100 were acting within the course and scope of their employment with the City, and were acting under color of law.

11.    Plaintiff had not physically resisted, threatened or assaulted Eatia, Does 1 to 10 or any other police officer, while simply **questioning** Eatia why no request had been made to see plaintiff's ID and/or otherwise further **questioning** why Eatia was hitting him. The actions of defendants Gascon, Eatia, and Does 1 to 200 violated plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California.  These violations and torts were committed as a result of policies and customs of the City and the Department that were allowed, accepted and promoted by Gascon and which constituted a deliberate indifference to the foreseeable Constitutional consequences as stated and exemplified by plaintiff's incident heretofore alleged.

12.    Defendant Basil Askandafi (hereinafter "Defendant B. Askandafi"), the son of Defendant Mahana Askandafi, individually and doing business as Pearl Market, (hereinafter "Defendant M. Askandafi") (and/or Does 1 – 25), upon information and belief, lied to the remaining defendants regarding Plaintiff's conduct while further partially, but substantially, causing the unlawful imprisonment and arrest of Plaintiff as more particularly set forth hereafter. Alternatively, B. Askandafi conspired and agreed with the remaining defendants to violate Plaintiff's rights as more particularly alleged hereafter.  All of the acts and/or omissions of Defendant B. Askandafi were done while employed for Defendant Mahana Askandafi, individually and doing business as Pearl Market, within the course and scope of his duties and

SECOND AMENDED COMPLAINT FOR DAMAGES                                                    - 4 -

responsibilities as Defendant M. Askandafi's employee.

13.   Upon information and belief and, in part, relying upon a heavily-redacted incident report executed by defendant Officer Eatia, Plaintiff was placed under arrest for claimed violations of Penal Code §§484A, 490.5, 594(B)(2)(a), 241(c), 243(b), and 148(a)(1).  Plaintiff alternatively alleges that Eatia pretextually (**after already arresting Plaintiff**) asked for and obtained, from Defendant B. Askandafi, B. Askandafi's signature on a "Citizen's Arrest Form" for the purpose of immunizing Plaintiff's unlawful arrest and/or imprisonment by purporting to simply be receiving delivery of Plaintiff from Askandafi's citizen's arrest.  In the alternative, Defendant B. Askandafi, by virtue of the execution of the Citizen's Arrest Form, unlawfully and falsely arrested and imprisoned Plaintiff as more particularly set forth hereafter, in bad faith and without probable cause that Plaintiff had committed any crime.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants City, Gascon, Eatia and Does 1 to 200)

14.   Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

15.   In doing the acts complained of, defendants acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from the use of excessive force, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b.   The right to be free of unreasonable searches and seizures, and unlawful arrest, as protected by the Fourth Amendment to the United States Constitution.

c.   The right to freedom of speech protected by the First Amendment to the United States Constitution.

16.   As a proximate result of defendants' conduct, plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

SECOND AMENDED COMPLAINT FOR DAMAGES                                                      - 5 -

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell)*

### (Against Defendants City. Gascon, Eatia and Does 1 to 200)

17.   Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

18.   Defendants City, Gascon and Does 1 to 100, by and through their supervisory officials and employees, Does 101 to 200, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants Eatia and Does 1 to 100, and other City police officers, consisting of the use of unnecessary and excessive force against residents and false arrests of residents.  Specifically, arresting residents without probable cause such as is the case of plaintiff, and using excessive and unnecessary force against residents such as is the case with plaintiff and as set forth above.  Notwithstanding said notice, City, Gascon, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Eatia, Does 1 to 100 and other City police officers.  This lack of adequate supervisorial response by City, Gascon and Does 101 to 200 demonstrates ratification of the defendant police officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by City police officers.

19.   The acts of defendants Eatia and Does 1 to 100, as alleged herein, are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants City, Gascon, and Does 101 to 200, to violations of the constitutional rights of citizens by defendant police officers, and other members of the Department.  Defendants City, Gascon, and Does 101 to 200 have taken no action to stop the false/alleged arrests or the use of excessive force as is the case with the plaintiff, as set forth above.  Plaintiff's injuries and damages were foreseeable and were the proximate result of the deliberate indifference of the City, Gascon and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND AMENDED COMPLAINT FOR DAMAGES                                    - 6 -

## THIRD CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1981)

### (Against Defendants City, Gascon, Eatia and Does 1 to 100)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

21. In committing the wrongful acts described herein, defendants Eatia and Does 1 to 100 engaged in the improper ethnically-motivated misuse of government power.

22. The above-described acts of defendants Eatia and Does 1 to 100 further deprived plaintiff of his rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens, and to be subject to like restrictions, punishment, pains, penalties, and exactions of every kind, and to no other.

23. The conduct of defendants Eatia and Does 1 to 100 was committed with the intent to deprive plaintiff of the above-described rights.

24. The wrongful conduct of defendants Eatia Does I to 100 proximately resulted in plaintiff suffering injuries and damages as herein set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Rights – California Civil Code §51.7)

### (Against Defendants City, Gascon, Eatia and Does 1 to 100)

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

26. Plaintiff is informed and believes and thereon alleges that the instant conduct was based upon a past pattern and practice of similar conduct of defendants Eatia and Does 1 to 100 and that the conduct of Eatia and Does 1 to 100, as described herein, was motivated by racial prejudice against the plaintiff. By engaging in such conduct, those defendants violated plaintiff's rights under California Civil Code §51.7 to be free from violence or intimidation by threat of violence committed against him because of his race, color, or ancestry.

27.    Under the provisions of California Civil Code §52(b), these defendants are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000.00) in addition thereto, and for the payment of plaintiff's attorney's fees.

28.    As a proximate result of those defendants' wrongful conduct, plaintiff suffered damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### (Assault)

### (Against Defendants City, Gascon, Eatia and Does 1 to 100)

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

30.    Defendants Eatia and Does 1 to 100 placed plaintiff in immediate fear of severe bodily harm by physically seizing and battering him without any just provocation or cause.

31.    Plaintiff did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

32.    The conduct of those defendants proximately resulted in plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION

### (Battery)

### (Against Defendants City, Gascon, Eatia and Does 1 to 100)

33.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

34.    Defendants Eatia and Does t to 100 caused an unwanted and harmful touching of plaintiff's person, resulting in physical and emotional damages.

35.    Plaintiff did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

36.    The conduct of those defendants proximately resulted in plaintiff suffering

SECOND AMENDED COMPLAINT FOR DAMAGES                                                    - 8 -

damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth,

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against Defendants City, Gascon, Eatia, B. Askandafi, M. Askandafi, individually and doing business as Pearl Market and Does 1 to 100)

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

38.     The conduct of defendants Eatia and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon plaintiff.

39.     As a result of said defendants' conduct, as aforesaid, plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## EIGHTH CAUSE OF ACTION

### (Negligence)

### (Against Defendants City, Gascon, Eatia, B. Askandafi, M. Askandafi, individually and doing business as Pearl Market and Does 1 to 200)

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants Gascon, Askandafi, Eatia and Does 1 to 200, and any and all allegations requesting punitive damages.

41.     At all times herein mentioned, defendants Gascon. Eatia and Does 1 to 200 were subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to persons in the exercise of their police duties.  The conduct of those defendants as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers nor did it comply with police department procedures, and proximately caused plaintiff to suffer damages as herein set forth, including physical harm and severe mental and emotional distress.

Defendant Askandafi owed plaintiff a duty of care in avoiding causing plaintiff unnecessary emotional distress, wrongful restraint of freedom and wrongful arrest.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (Violation of 42 U.S.C. §1983 – Negligent Selection, Training,

### (Retention, Supervision, Investigation, and Discipline)

### (Against City, Gascon and Does 101 to 200)

42.   Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

43.   Defendants City, Gascon, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendants Eatia and Does 1 to 100 herein so as to avoid unreasonable risk of harm to persons.

44.   Said defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by defendants Eatia and Does I to 100, and other City police officers, including the use of unnecessary and excessive force against persons.

45.   Notwithstanding this notice, defendants City, Gascon and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by City police officers and defendants Eatia and Does 1 to 100.

46.   Said defendants breached their duty of care to residents in that they have failed to adequately train defendants Eatia and Does 1 to 100, and other City police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by defendants City, Gascon, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against residents, and violation of the civil

rights of residents by City police officers Eatia and Does 1 to 100.

47.     The wrongful conduct of these defendants proximately resulted in plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## TENTH CAUSE OF ACTION

**(Violation of Civil Rights – California Civil Code §52.1)**

**(Against Defendants City, Gascon, Eatia, B. Askandafi, M. Askandafi, individually and doing business as Pearl Market and Does 1 to 100)**

48.     Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

49.     The conduct of defendants Eatia, Askandafi and Does I to 100, as described herein violated California Civil Code §52.1 in that Eatia and Does 1 to 100 interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through the use of wrongful force and/or arrest.

50.     As a direct and proximate result of said defendants' violation of Civil Code §52.1, plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

51.     Since the conduct of defendants Eatia and Does I to 100 occurred in the course and scope of their employment, defendants City, Gascon, and Does 101 to 200 are therefore liable to plaintiff pursuant to *respondeat superior*.

52.     Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

**(Injunctive Relief and Declaratory Relief)**

**(Against Defendants City, Gascon, Eatia and Does 1 to 100)**

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this complaint.

54.     The continuing pattern, as described above, of defendants maliciously,

intentionally, oppressively, willfully, and in conscious disregard of rights of minority citizens of the City and County of San Francisco depriving minority citizens of liberty, freedom from unlawful arrest, and freedom of speech without due process of law, and depriving them of equal protection of the laws, in violation of the First, Fourth and Fourteenth amendments of the Constitution of the United States and 42 U.S.C. §1983 and in discriminating against citizens based on race or gender reflects flawed policies which are encouraged and enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of the policies, permits and encourages members of the City and County of San Francisco Police Department to restrain, batter, discriminate, and falsely imprison/arrest citizens without due process or just cause, in contravention of the Constitution of the State of California and the Constitution of the United States of America.

55. Accordingly, unless and until the relief demanded in this complaint is granted, plaintiff has no reason to believe that his right to privacy, to be free from false imprisonment, as well as false arrest, and criminal prosecution, equal protection, discrimination, due process and the other rights herein mentioned will continue to be threatened. Therefore, unless the relief demanded is granted, plaintiff will suffer serious and irreparable injury by the threat of loss of his fundamental constitutional rights.

56. Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is their only means of securing complete and adequate relief. No other remedy would offer plaintiff substantial and complete protection from continuation of defendants' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### (False Imprisonment/False Arrest)

**(Against Defendants City, Gascon, Eatia, B. Askandafi, M. Askandafi, individually and doing business as Pearl Market and Does 1 to 100)**

57.    Plaintiff realleges and incorporates by reference all allegations set forth in Paragraphs 1 through 54, inclusive, of this Complaint as if fully set forth herein.

58.    On or about April 7, 2010, between approximately 9:00 and 10:00 p.m. in the parking lot of 1700 Eddy Street in the City and County of San Francisco, California, defendant Eatia seized and arrested plaintiff (in unlawful, unnecessary, and excessive fashion), against his will and over his protests, without any warrant of arrest or any process of any kind and without any justification or cause (probable or not) to believe that plaintiff had committed any crime.

59.    The arrest of plaintiff was in retaliation for his exercise of his First Amendment rights to free speech wholly lacking any probable cause for the belief that a crime had been committed by him and/or because Eatia discriminated against plaintiff based upon his race.

60.    **After** Eatia had arrested plaintiff as herein alleged, he asked for and obtained Askandafi's signature on a citizen's arrest form and defendant took him into custody, compelled him to enter police cars operated by peace officers of the City police department and to be taken to jail and imprisoned against his will.  Eatia's successful request of Askandafi was to use Askandafi as a pretextual basis of arrest so as to immunize himself from liability for **his** wrongful arrest of plaintiff which lacked any probable cause.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (Conspiracy)

**(Against Defendants City, Gascon, Eatia, B. Askandafi, M. Askandafi, individually and doing business as Pearl Market and Does 1 to 100)**

61.    Plaintiff realleges and incorporates by reference paragraphs 1 through 60 of this complaint.

62.    Plaintiff is informed and believes and thereon alleges, that, at all times pertinent hereto, defendants, and each of them, knowingly and willfully conspired and agreed among themselves to commit the wrongs upon plaintiff as heretofore alleged.  Defendant Eatia knew the remaining defendants would fail to sufficiently investigate his conduct and/or otherwise approve and condone his conduct.

63.    Plaintiff is informed and believes and thereon alleges that said defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of the conspiracy and mutual understanding(s) as alleged herein that violated plaintiff's civil rights.

64.    Plaintiff is informed and believes and thereon alleges that said defendants, and each of them, furthered their conspiracy by cooperation with or ratification and adoption of the acts of all defendants in carrying out the wrongful, tortious conduct as alleged hereinabove.

65.    As a direct and proximate result of defendants' conduct as alleged herein, plaintiffs has suffered actual, special and general damages.

66.    As alleged herein, defendants and each of them, acted in a willful, wanton, deliberate, despicable, and oppressive manner with the intent to injure plaintiff and to cause him harm, such that punitive and exemplary damages are appropriate herein – except as to defendant City and County of San Francisco.

WHEREFORE, Plaintiff prays for relief as set forth below.

## CLAIM REQUIREMENT

67.    Plaintiff is required to comply with an administrative claim requirement under California law for the state claims herein made against the City and County of San Francisco and the San Francisco Police Department. Plaintiff has complied with all such applicable requirements.

## JURY DEMAND

68.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    General damages according to proof at trial;

2.    Special damages according to proof at trial;

3.    Punitive damages against individual defendants Eatia, Askandafi, and Does 1 to 200 according to proof at trial;

4.    Exemplary damages and a civil penalties for each violation against plaintiff of Civil Code §52.l(b), and reasonable attorney's fees, pursuant to Civil Code §52.1 (h);

SECOND AMENDED COMPLAINT FOR DAMAGES                                    - 14 -

5.     Reasonable attorney fees pursuant to 42 U.S.C. §1988;

6.     Costs of suit incurred herein;

7.     Such other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: March ___, 2011

LAW OFFICES OF PANOS LAGOS

Panos Lagos, Esq.
Attorney for Plaintiff
KEVIN WOODSON

SECOND AMENDED COMPLAINT FOR DAMAGES                                    - 15 -